THOMAS RYAN, individually and as executor, &c.,
of Anne Ryan, deceased,

*v.*

JAMES DODDS and ROBERT S. HUDSPETH.

[Filed January 20th, 1904.]

A will gave testatrix's husband a life estate in certain land, and directed the land to be sold at the husband's death and the proceeds divided among nine persons, and further gave the executor "full power to do all that is needed to the full execution thereof, to sell and convey, by deed or otherwise, real and personal property ; to make all payments, divisions and dispositions herein provided."—*Held*, that the power of sale was given merely for purpose of distribution after the husband's death, and did not empower the executor to sell before that time.

---

On bill for specific performance. On final hearing.

*Mr. J. Frank Finn, Jr.,* for the complainant.

*Mr. Henry Pusler,* for the defendants.

Pitney, V. C.

.The bill is filed for the purpose of enforcing a contract made between the parties for the conveyance by complainant and defendants of two adjoining lots, situate in Jersey City. By the terms of the contract one of the lots was to be conveyed to Judge Hudspeth and the other to Mr. Dodds, who owned re- spectively the lands on each side thereof, and, while the title was to be distributed in that manner it is fairly inferable, from the form of the contract, that it was to be completed as a whole or not at all, that is, unless the complainant could make a good title to both lots neither of the vendees were obliged to perform, and counsel for the complainant seems to accept that view.

The defence is that as to one of the lots the complainant is unable to give a merchantable title.

The admitted fact is that Anne Ryan, the wife of the com- plainant, Thomas Ryan, died seized of one of the lots, and the complainant asserts that he is able to make a merchantable title thereto by virtue of a power of sale contained in her will, and that depends upon its true construction.

The parts of the will upon which the power of sale must depend are as follows:

"2. I give, devise and bequeath all my real estate, wherever situate and in particular my house and lots of land on Hooker Avenue in so- called Greenville Jersey City New Jersey to my husband Thomas Ryan to have and to hold the same during his natural life and on his death I direct that all the said real estate be sold and I give devise and be- queath the proceeds thereof and direct that the said proceeds be paid over as follows to wit:"

Then follow bequests to nine persons of distinct shares, vary- ing in quantity of the proceeds of such sale.

Then comes the following: "As soon as possible after my death I direct payment of my personal estate of the gifts, be- quests and legacies following, to wit:" Then follow eight bequests of personalty.

Then follows the gift of the residue to her husband and the power of sale, upon which the complainant relies, in the follow- ing language:

"I give, devise and bequeath all the rest, residue and remainder of my estate real and personal unto my husband Thomas Ryan and his heirs forever.' ' '

"I nominate and appoint my husband Thomas Ryan and ·William C. Prime (son of Ralph E. Prime of Yonkers New York) executors of this my last will, and I give them full powers to do all that is needed to the full execution of this my last will and I give them full powers to do all that is needed to the full.execution thereof to sell and convey by deed or otherwise real and personal property, to make all the payments divisions and dispositions herein provided with power to the survivor of them to act alone, to sell and convey by deed or otherwise real or personal estate and make the distribution and payments provided as well as they could be made by two executors. I empower them to collect all moneys due me from any person, persons, associations, corporation or in any manner whatever; I direct that no bond or security of any kind ·be required from them or either of them, in any state or county by any court of probate surrogate or other authority whatever."

It will be observed that the first clause above cited gives a distinct power of sale at the death of the tenant for life for the purpose of dividing the proceeds among those persons to whom those proceeds are given. The last part of the will gives such a power of sale and transfer of personalty as is necessary to the proper execution of the will, and further gives the right to the survivor of the two executors to convey the land and make the distribution.

The co-executor, Mr. Prime, has renounced and letters were issued to the complainant solely.

I shall not go into the question whether the statute, authorizing one of two or more executors to make conveyance of land, applies to a case like this, because, if Mr. Prime is still living, he can perhaps be induced to join in the deed. For, upon the main question of the case, my opinion is that the power of sale is not sufficient to authorize the proposed conveyance, even if joined in by both executors. I conclude that the better opinion is that at the death of Thomas Ryan the persons named as distributees of the proceeds of the sale of his real estate will have the right to come forward and claim that the land, as it shall then be found, shall be sold, and that a conveyance made at this time by the executors would not affect that right.

In equity the effect of the devise is to give a life estate to the husband with remainder to the nine persons named. These

persons take at once a vested interest and have the option at the death of the life tenant to take the land itself instead of the money. In short, I think the power of sale is given only for the purpose of distribution, and in aid of this view it is plain from the reading of the whole will that the testatrix did not contemplate having a fund in money or personal securities resting in the hands of the executors during the lifetime of her husband.

I shall advise that the bill be dismissed, with costs.